UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LYNN FRAZIER and MAGNUM INTERNATIONAL, INC., Plaintiffs, | § § § § | |
| v. | § | C.A. No. C-05-134 |
| PROPELLANT FRACTURING AND STIMULATION, INC., PROPELLANT FRACTURING AND STIMULATION, LLC, and TIERNAN & PATRYLO, INC., Defendants. | § § § § § § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR REMAND

Pending before the Court is Plaintiffs' Motion for Remand (D.E. 6), in which plaintiffs claim that defendants' notice of removal was untimely "because it was not filed within 30 days after defendants' receipt of plaintiffs' first amended petition, which set forth a removable claim." Plaintiffs filed their first amended petition on September 27, 2004. Defendants filed special exceptions on February 7, 2005, seeking a specified amount of damages in this action. Plaintiffs filed their second amended petition, in which they claim a maximum amount of liquidated damages of two million dollars, on February 16, 2005. Defendants removed this action to this Court on March 16, 2005.

A defendant must file its notice of removal within 30 days of receipt of the initial state court pleading if that pleading sets forth a removable claim. *See* 28 U.S.C.

§ 1446(b).[1]  "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*  In *Bosky v. Kroger Texas, LP*, the Fifth Circuit stated that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Bosky*, 288 F.3d at 211.

Because plaintiffs assert that defendants should have removed within 30 days of receipt of the first amended petition rather than the initial pleading, the question for the Court is whether the asserted information supporting removal in the copy of the first amended petition was **unequivocally clear and certain** so that the time limit started to run under section 1446(b).  In the amended petition, plaintiffs only seek compensatory damages for unpaid amounts due and for attorneys' fees.  In the demand letter attached to the amended petition, the plaintiffs demand royalty payments "for the last quarter of

---

[1] Section 1446(b), in its entirety, provides:
    The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
    If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

2003, the first two quarters of 2004, and future royalty payments in accordance with the terms of the Agreement." Under the agreement, plaintiffs were to receive a royalty in the amount of 2% of defendants' net sales of two fracturing products. According to the undisputed affidavit of John Tiernan, 2% of the net sales of the fracturing services performed by defendant amounted to only $2,467.70. Therefore, plaintiffs' statements do not clearly and unequivocally demonstrate that the plaintiffs were seeking the requisite amount in controversy to trigger removal based on diversity jurisdiction.

Because plaintiffs' first amended petition was not unequivocally clear and certain as to the amount of damages in controversy, the Court finds that the first amended petition did not trigger the time limit to start running under section 1446(b). Further, because defendants removed the case within 30 days after receipt of plaintiffs' second amended petition, which was unequivocally clear and certain as to the sought-after amount of damages exceeding $75,000, the Court finds that defendants timely removed the case. As such, the Court finds that it has proper subject matter jurisdiction over this case under 28 U.S.C. § 1332 and that remand, pursuant to 28 U.S.C. § 1447, is not appropriate. Therefore, the Court DENIES plaintiffs' Motion to Remand (D.E. 6).

Ordered this 26th day of July, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE