UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LYNN FRAZIER and MAGNUM INTERNATIONAL, INC., <br> Plaintiffs, <br><br> v. <br><br> PROPELLANT FRACTURING AND STIMULATION, INC., PROPELLANT FRACTURING AND STIMULATION, LLC, and TIERNAN & PATRYLO, INC., <br> Defendants. | § § § § § § § § § § § § § C.A. No. C-05-134 |

### AMENDED[1] MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pending is defendants' Motion for Protective Order (D.E. 14), in which defendants request an order protecting them from the production of documents pursuant to plaintiffs' subpoenas to non-parties Schlumberger Limited and Black Warrior Wireline Corporation. The motion was referred to undersigned United States Magistrate Judge. A hearing by telephone conference call was held Tuesday, July 26, 2006. For the following reasons and for the reasons set forth on the record during the hearing, the motion is GRANTED IN PART and DENIED IN PART.

---

[1]The only change from the original order is the addition of the phrase "documents related to the purchase of Arcite 386" to numbered paragraph (2) on page 4.

## BACKGROUND

Plaintiffs allege in this lawsuit that defendants have failed to pay contractual royalties due on ControlFrac™ and PerFrac™ products developed by plaintiff Lynn Frazier and his company plaintiff Magnum International, Inc.  At the July 26th hearing, counsel for defendants represented that defendants had discontinued paying royalties to plaintiffs because defendants were no longer selling ControlFrac™ and PerFrac™ products and no longer providing any service utilizing such products.  Counsel further represented that defendants were currently selling a cartridge product developed by defendants for use in the oil drilling industry.  Defendants argue that documents relating to the sale of the cartridge product by defendants to the non-parties is not relevant to the claims or defenses raised in this suit.  Plaintiffs' position is that the cartridge defendant is currently selling is in fact the same product developed by plaintiffs, and is subject to the contract for payment of royalties.

## APPLICABLE LAW

### Standing

In their response to defendants' motion for a protective order, plaintiffs failed to object on the basis of standing.  Generally a party has no right to object to a subpoena issued to a non-party witness.  *Laxalt v. McClatchy*, 809 F.2d 885, 891 (D.C. 1987); *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2nd Cir. 1975).  An exception to this general rule applies when the complaining party has a claim of privilege

or a proprietary interest in the subpoenaed matter.  *United States v. Nachamie*, 91 Fed. Supp. 2d 552, 558 (S.D.N.Y. 2000).  Defendants' proprietary interest in the products which are the subject of the subpoenas confers standing to object.

## Relevance

The Federal Rules of Civil Procedure limit the scope of discovery which the parties may obtain:

> (1) **In General.**  Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).   Plaintiffs' request for documents related to the design, development, and sale of the cartridges which defendants are now selling is directly relevant to plaintiff's claim that defendants are selling, under another name, the ControlFrac™ and PerFrac™ products developed by plaintiffs.  The parties' protective order protects defendants from the unauthorized use of proprietary information in the documents sought.  Plaintiffs' request for documents related to the sale of ControlFrac™ and PerFrac™ products and the cartridge is directly relevant to plaintiffs' calculation of damages.  A protective order as to these requests is not warranted.

3

As to the specifically enumerated sections of defendants' motion, the following order is entered:

(1) Plaintiffs have withdrawn the requests for production in paragraph 7, subparagraphs i. and ii., and in paragraph 8, subparagraphs i. and ii.. Therefore, defendants' Motion for Protective Order as to those requests is denied as moot.

(2) Defendants' Motion for Protective Order as to the requests listed in paragraph 7, subparagraphs iii., iv., v., vi., vii, viii., ix., and x., and in paragraph 8, subparagraphs iii., iv., v., vi., vii., ix., x., and xi., is denied in part and granted in part. Production is ordered as to the documents related to ControlFrac™, PerFrac™, and the cartridge product sold by defendants, and documents related to the purchase of Arcite 386, but it is not ordered as to the documents related to all other products. Further, there shall be no production of documents related to the design and development of Arcite 386 per the agreement of the parties. The denial of the production request as to all other products is without prejudice. Plaintiffs may serve interrogatories upon defendants concerning the nature of those other products.

(3) Defendants' Motion for Protective Order as to the documents requested in paragraph 7, subparagraph xi., is granted. Plaintiffs may serve interrogatories upon defendants concerning whether or not there has been a sale of defendants' assets. The response to this interrogatory will be subject to supplementation by the defendants if circumstances change.

(4) Because defendants withdrew their objections to the requests for production in paragraph 8, subparagraphs viii. and xii., defendants' Motion for Protective Order as to those documents is denied as moot.

The production of all of these documents is subject to the requirements of the Protective Order that has already been entered in this case.

ORDERED this 27th day of July, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE